```
DOWNEY BRAND LLP
SALLIE B. ARMSTRONG (Bar No. 001243)
MICHELLE KAZMAR (Bar No. 10098)
427 West Plumb Lane
Reno, NV 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

Attorneys for Plaintiff
Randy Soule
```

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROLLAND P. WEDDELL,<br><br>Debtor, | Case No. 09-51425-gwz<br><br>Chapter Number: 11<br><br>Adv. Proc. No. |
| RANDY SOULE,<br><br>Plaintiff,<br><br>v.<br><br>KELVIN J. BUCHANAN, Chapter 11 Trustee, in his capacity as Chapter 11 Trustee of the bankruptcy estate of Debtor ROLLAND P. WEDDELL,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, RESULTING TRUST, AND ALLOWANCE OF CLAIM** |

## PARTIES

1. RANDY SOULE ("PLAINTIFF") is an individual residing in Washoe County, Nevada, and is a creditor in ROLLAND WEDDELL's (the "Debtor") Chapter 11 Bankruptcy Case.

2. KELVIN BUCHANAN is the duly appointed Chapter 11 Trustee of Debtor's bankruptcy estate (the "Estate").

## JURISDICTION AND VENUE

3. This is a core proceeding under 28 U.S.C. § 157.

4. Venue is proper under 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

5. In 2005, PLAINTIFF invested in an CR Aviation, an airplane entity, with Debtor and his other business affiliates. As a partner and business associate, PLAINTIFF reposed special confidence in Debtor given this relationship.

6. Beginning in July 2006 and continuing through November 2007, PLAINTIFF loaned funds to Debtor and various entities in which Debtor had an interest. The total amount of funds loaned was $1,450,000.00. $350,000.00 of that amount was used by Debtor personally.

7. At some point, Debtor was unable to pay the full amount due and owing to PLAINTIFF, and in order to satisfy a portion of that debt, Debtor entered into an agreement whereby Debtor transferred title to various vehicles owned free and clear by Debtor to PLAINTIFF.

8. On or about October 15, 2007, Debtor executed an agreement which indicated that Debtor was enclosing "signed titles to various vehicles, trailers and jet skis that [he] owne[d] free and clear[.]" Debtor further indicated that PLAINTIFF "may title [the vehicles] to [himself][.]" A true and correct copy of the agreement is attached hereto as Exhibit A.

9. In that same agreement, Debtor acknowledge that the vehicles transferred to PLAINTIFF would not satisfy the debt owed to PLAINTIFF.

10. The agreement further provided that

> As promised, [Debtor has] signed and dated all of [the titles] so that [PLAINTIFF has] possession of all the vehicles related to the titles and as agreed [Debtor] will store them at the hangar for [PLAINTIFF] until such time [PLAINTIFF] should choose to move them at [PLAINTIFF's] discretion. Also it is [Debtor's] understanding [PLAINTIFF has] agreed to allow [Debtor] the use of all vehicles provided [Debtor] maintain insurance on them...

11. Based on the agreement, Debtor transferred the following vehicles to PLAINTIFF:

- 2004 Bombardier Corp.; Hull Number ZZN45294C404;
- 2004 Bombardier Corp.; Hull Number ZZN24200C404;

1. 
- 1932 Ford; VIN 18116896;
- 1978 Jeep; VIN J8M83EA097822;
- 1995 HD FLHR; VIN 1HD1FDL15SY508983;
- 2005 Dodge 2500; VIN 3D3KS28C15G7988368;
- 2005 Yamaha TW200E; VIN JYA3AWE005A104068;
- 2004 Ziem Carrier; VIN 1ZCD140124YQ19573;
- 2002 FTLT 311086; VIN 4FGL017202C046689;
- 2001 Yamaha; VIN JYAVP02E81A0125849;
- 2000 FTLT; VIN 4FGL02428YC031117;
- 2000 JEEP; VIN 1J4FA49S4YP749142;
- 1999 GMC; VIN 1GKFK16R2XJ806818;
- 1940 Ford Sedan; VIN 185366904;
- 2002 Paug Esyrde; VIN 4EMEL2E221N45004; and
- 1932 Buick Coupe; VIN 2634504.

12. Debtor signed and executed all titles to the above vehicles as "seller."

13. Pursuant to the agreement, PLAINTIFF maintained possession of the transferred titles and maintained possession of the vehicles described above.

14. Debtor has failed to pay any and all remaining amounts due and owing to PLAINTIFF.

15. On or about May 10, 2009, Debtor filed a voluntary petition under Chapter 11. At the time the voluntary petition was filed, pursuant to the Agreement, Debtor, as debtor in possession, continued to store some of the above vehicles for PLAINTIFF at Debtor's hangar.

16. On or about February 1, 2010, this Court ordered that a Chapter 11 Trustee be appointed for Debtor's Estate.

17. On February 2, 2010, pursuant to an order of this Court, KELVIN J. BUCHANAN was appointed as Chapter 11 Trustee (the "TRUSTEE").

18. A dispute has arisen between PLAINTIFF and the TRUSTEE regarding the vehicles listed above.

1081012.2

3

COMPLAINT

19. The TRUSTEE asserts that the vehicles are property of the estate and has threatened to file a turnover action and seek sanctions for what the TRUSTEE contends is a violation of the automatic stay related to PLAINTIFF's possession of the vehicles.

20. Bankruptcy Rule 7001(3) requires an adversary proceeding to determine the validity, priority or extent of a lien or other interest in property.

21. PLAINTIFF asserts that the titles have been signed over to PLAINTIFF and that PLAINTIFF owns the vehicles in question.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief Regarding Ownership Of Vehicles And Determination That Such Vehicles Are Not Property Of The Estate)

22. PLAINTIFF incorporates by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23. An actual controversy has arisen between both PLAINTIFF and the TRUSTEE as to the nature and extent of assets of the Estate.

24. For instance, PLAINTIFF and the TRUSTEE dispute whether PLAINTIFF is the owner of the vehicles identified in paragraph 11 above.

25. As the above demonstrates, an actual controversy has arisen between PLAINTIFF and the TRUSTEE as to the nature and extent of assets of the Estate.

26. PLAINTIFF desires a judicial determination and a declaration of this Court that PLAINTIFF is the owner of the vehicles described in paragraph 11 above and that the vehicles do not constitute property of the Estate.

27. A judicial determination is necessary and appropriate at this time because of the dispute between PLAINTIFF and the TRUSTEE.

## SECOND CLAIM FOR RELIEF

### (Constructive Trust)

28. PLAINTIFF incorporates by reference each and every allegation contained in paragraphs 1 through 27 as though fully set forth herein.

29. A confidential relationship existed between PLAINTIFF and Debtor as

1081012.2

4

PLAINTIFF reposed special confidence in Debtor.

30. Based on this confidential relationship, PLAINTIFF trusted that Debtor transferred ownership in the vehicles listed above to PLAINTIFF. However, the TRUSTEE asserts that Debtor is the owner of such vehicles, and, as such, the vehicles are property of the Estate.

31. Allowing the TRUSTEE to have possession of the vehicles as property of the Estate would be inequitable under the circumstances.

32. The imposition of a constructive trust in favor of PLAINTIFF is essential to do justice under these circumstances.

### THIRD CLAIM FOR RELIEF

#### (Resulting Trust)

33. PLAINTIFF incorporates by reference each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34. Pursuant to the agreement referenced above, Debtor intended to create a trust relationship whereby Debtor would store and hold the vehicles described above for the benefit of PLAINTIFF.

35. Based on Debtor's intention to create a trust in the vehicles described above, a resulting trust should be imposed in favor of PLAINTIFF.

### FOURTH CLAIM FOR RELIEF

#### (Declaratory Relief Regarding Valuation of Vehicles)

36. PLAINTIFF incorporates by reference each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37. An actual controversy has arisen between both PLAINTIFF and the TRUSTEE regarding the value of the vehicles identified above.

38. For instance, upon information and belief, PLAINTIFF and the TRUSTEE dispute the fair market value of the vehicles identified above.

39. As the above demonstrates, an actual controversy has arisen between PLAINTIFF and the TRUSTEE as to the valuation of the vehicles described above.

40. PLAINTIFF desires a judicial determination and a declaration of this Court

1081012.2

5

regarding the valuation of the vehicles described in paragraph 11 above.

42. A judicial determination is necessary and appropriate at this time because PLAINTIFF has a claim against the Estate in the amount of $350,000.00 less the fair market value of the vehicles described in paragraph 11 above, plus accrued interest.

### FIFTH CLAIM FOR RELIEF

### (Allowance of Claim)

42. PLAINTIFF incorporates by reference each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43. PLAINTIFF loaned Debtor $350,000.00. In partial satisfaction of the debt owned to PLAINTIFF, Debtor transferred ownership of various vehicles to PLAINTIFF.

44. All other amounts due and owing to PLAINTIFF remain unpaid.

45. PLAINTIFF has a claim against the Estate in the amount of $350,000.00 less the fair market value of the vehicles described in paragraph 11 above, plus accrued interest.

46. The TRUSTEE has not objected to the claim owed to PLAINTIFF. Thus, PLAINTIFF respectfully requests that this Court allow PLAINTIFF's claim as a general unsecured claim in the amount of $350,000.00 less the fair market value of the vehicles described in paragraph 11 above, plus any and all accrued interest.

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For a determination of this Court that the vehicles in question are owned by PLAINTIFF and are not property of the estate;

2. For imposition of a constructive trust in favor of PLAINTIFF in the vehicles described above;

3. For imposition of a resulting trust in favor of PLAINTIFF in the vehicles described above;

4. For a determination of this Court regarding the fair market value of the vehicles described above;

///

///

1081012.2

6

COMPLAINT

5. For allowance of PLAINTIFF's claim in the amount of $350,000.00 less the fair market value of the vehicles described above, plus any and all accrued interest;

6. For attorneys' fees and costs incurred herein; and

7. For such further relief as the Court deems proper.

DATED: June 4, 2010              DOWNEY BRAND LLP

By: _____
SALLIE B. ARMSTRONG
MICHELLE N. KAZMAR
Attorneys for Plaintiff
*Randy Soule*

1081012.2

7

COMPLAINT

# Exhibit A

Exhibit A

Randy:

As we discussed enclosed are the signed titles to the various vehicles, trailers and jet skis that I own free and clear that I am pledging to you as security for the money you have loaned me. The title to the 2005 Dodge pickup we spoke about I do not have at this time, but I should get the paper work to title it sometime after the first of the year when the last payment is made. You may title it to yourself or I will do it for you if and when you should want too. I know that these vehicles will not satisfy the debt I owe you should I not be successful in maintaining my rights to H2O, but it at least they provide some security for part of the money I owe you.

As promised I have signed and dated all of them so that you have possession of all the vehicles related to the titles and as agreed I will store them at the hangar for you until such time should you choose to move them at your discretion. Also it is my understanding you have agreed to allow me the use of all of vehicles provided I maintain insurance on them and to keep you informed as to how my legal situation is going.

You have been a good friend and I thank you.

*[Signature]*     Oct 15, 2007